UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHANIE ANNE WHEATLEY,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | NO. C16-0174RSL<br><br>ORDER AFFIRMING COMMISSIONER'S DECISION AND DISMISSING CASE |

Plaintiff Stephanie Anne Wheatley appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Commissioner's decision is AFFIRMED.

I.     FACTS AND PROCEDURAL HISTORY

Plaintiff is a 29-year-old woman with a 10th-grade education. Administrative Record ("AR") at 334, 339. She has no past work experience. AR at 338.

Plaintiff filed an application for SSI on November 8, 2010. AR at 164. Plaintiff asserted that she was disabled due to depression, anxiety, agoraphobia, and bipolar disorder. AR at 338.

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 1

The Commissioner denied plaintiff's claim initially and on reconsideration. AR at 164. Plaintiff requested a hearing, which took place on March 8, 2012. Id. On April 13, 2012, the ALJ issued a decision finding plaintiff not disabled. See AR at 164-74. The Appeals Council remanded that decision, and on June 27, 2014, the ALJ issued a second decision finding plaintiff not disabled and denied benefits based on the finding that plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 13-29. Plaintiff's request for review by the Appeals Council was denied on January 6, 2016 (AR at 1-6), making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On February 8, 2016, plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 3.

## II.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Id.

III.   EVALUATING DISABILITY

As the claimant, Ms. Wheatley bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. See 20 C.F.R. § 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. Id. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. § 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. § 416.920(c). If the claimant does have a severe impairment, the Commissioner moves

---

[1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 3

to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. § 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. Id.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. § 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. § 416.920(g); Tackett, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## IV.   DECISION BELOW

On June 27, 2014, the ALJ issued a decision finding the following:

1. The claimant has not engaged in substantial gainful activity since November 8, 2010, the application date (20 C.F.R. § 416.971 et seq.).

2. The claimant has the following severe impairments: anxiety disorder and affective disorder (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 4

> nonexertional limitations: she has sufficient concentration to understand, remember, and carry out simple, repetitive tasks. The claimant can maintain concentration, persistence, and pace in two-hour increments with usual and customary breaks throughout an eight-hour workday. She can have superficial (i.e., can engage in greetings and refer the public to her coworkers to address their questions and concerns in person and can have phone contact with the public such as in telemarketing and resolve the questions and concerns herself via telephone) and occasional contact with the general public. She can work in proximity (i.e., in the same room or vicinity) to an unlimited number of coworkers, but should not work not in coordination with them. The claimant can have superficial contact with coworkers (i.e., can have ordinary communication normally found in workplaces that does not involve coordination of work). She can have occasional interaction with supervisors and with occasional interaction it is expected that she can tolerate employer or supervisor criticism and respond appropriately. The claimant can tolerate simple workplace changes as would be required for simple, repetitive task work. With all these restrictions, it is expected that the claimant can tolerate the pressures and expectations of work.
>
> 5. The claimant is capable of performing past relevant work as a fruit picker (20 C.F.R. § 416.965).
>
> 6. Alternatively, considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.969 and 416.969(a)).

AR at 16-28.

## V.   ISSUES ON APPEAL

The issues on appeal are:

A. Whether the ALJ erred in evaluating the medical evidence in the record.

B. Whether the ALJ erred in finding at step four that plaintiff could perform past relevant work.

C. Whether the ALJ erred in finding at step five that plaintiff could perform other work available in the national economy.

Dkt. 10 at 1.

## VI.   DISCUSSION

A. <u>The ALJ's Evaluation of the Medical Evidence</u>

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 5

1    Plaintiff argues that the ALJ erred in her analysis of the medical evidence in the record.
2    See Dkt. 10 at 8-18. The ALJ is responsible for determining credibility and resolving
3    ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722
4    (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of
5    credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v.
6    Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be
7    upheld." Morgan v. Comm'r, Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999).
8    Determining whether inconsistencies in the medical evidence "are material (or are in fact
9    inconsistencies at all) and whether certain factors are relevant to discount" the opinions of
10   medical experts "falls within this responsibility." Id. at 603.

11   In resolving questions of credibility and conflicts in the evidence, an ALJ's findings
12   "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do
13   this "by setting out a detailed and thorough summary of the facts and conflicting clinical
14   evidence, stating his interpretation thereof, and making findings." Id. The ALJ must provide
15   "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or
16   examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating
17   or examining physician's opinion is contradicted, that opinion "can only be rejected for
18   specific and legitimate reasons that are supported by substantial evidence in the record." Id. at
19   830-31.

20         1.     Plaintiff's Obesity

21   Plaintiff argues that the ALJ erred by failing to consider the impact of plaintiff's
22   obesity on her mental impairments and functioning. See Dkt. 10 at 8-11. The Court finds no
23   harmful error.

24

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE  - 6

Plaintiff argues that the ALJ needed to consider the impact of plaintiff's obesity in assessing the RFC. See Dkt. 10 at 10-11. However, plaintiff does not identify any medical opinions that describe the impact of plaintiff's obesity on her functional capability. See id. at 8-11. The only functional limitations caused by obesity that plaintiff alleges are missing from her RFC come from plaintiff's own testimony. See id. at 11. The ALJ found that plaintiff's testimony concerning her symptoms was not entirely credible – a finding that plaintiff does not challenge on appeal. See AR at 21. Moreover, the ALJ specifically addressed plaintiff's alleged anxiety stemming from body image issues in the credibility anaylsis. See AR at 23. A plaintiff has the burden of establishing that an alleged error resulted in actual harm. See Ludwig v. Astrue, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his 'substantial rights,' which is to say, not merely his procedural rights.") (citing Shinseki v. Sanders, 556 U.S. 396, 407-09 (2009)). Because plaintiff does not show that the ALJ's alleged error in evaluating plaintiff's obesity caused the RFC to be insufficient in any way, plaintiff establishes no harmful error.

2. Examining Physician – Susan Hakeman, M.D.

Plaintiff argues that the ALJ improperly evaluated the opinion of examining physician Susan Hakeman, M.D. See Dkt. 10 at 12-14. The Court disagrees.

Dr. Hakeman examined plaintiff on August 20, 2010, and opined that she had marked limitations in several cognitive and social abilities. See AR at 468-73. The ALJ gave this opinion little weight because it was based largely on plaintiff's subjective reports, which the ALJ found not to be fully credible. See AR at 24.

An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting Morgan, 169 F.3d at 602). Here, as noted

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE  - 7

by the ALJ, Dr. Hakeman did not review any medical records. See AR at 24, 468. Dr. Hakeman listed no observations and provided no rationale for the majority of the limitations to which she opined. See AR at 471. Dr. Hakeman's findings from a mental status examination ("MSE") she performed on plaintiff did not support marked cognitive or social limitations. See AR at 473. Therefore, substantial evidence supports the ALJ's finding that Dr. Hakeman's opinion was largely based on self-reports and should be given little weight.

### 3. Examining Physician – Anselm Parlatore, M.D.

Plaintiff argues that the ALJ improperly evaluated the opinions of examining physician Anselm Parlatore, M.D. See Dkt. 10 at 14-17. The Court disagrees.

Dr. Parlatore performed an MSE on plaintiff on February 16, 2011, in which he found that plaintiff was "totally intact" cognitively – including memory, concentration, insight, and judgment – but that she had nervous, anxious affect and a worried mood. See AR at 492. Dr. Parlatore opined on June 18, 2011, that plaintiff was markedly limited in several cognitive and social factors. See AR at 606. On December 20, 2011, Dr. Parlatore opined that plaintiff had marked restrictions in performing activities of daily living, in maintaining social functioning, and in keeping concentration, persistence, and pace. See AR at 909. Finally, Dr. Parlatore performed an MSE on June 5, 2012, and opined that plaintiff had no cognitive limitations, except being markedly impaired in her ability to complete tasks in a timely manner, and that she had severe social limitations. See AR at 933-34.

The ALJ gave little weight to any cognitive limitations because Dr. Parlatore's opinions were internally inconsistent and because the opinions were unsupported by the MSEs, which found no cognitive deficits. See AR at 25. Substantial evidence supports that conclusion. See AR at 492, 933.

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 8

The ALJ gave little weight to the social limitations to which Dr. Parlatore opined because the marked limitations were not consistent with plaintiff's social activities. See AR at 25. An ALJ may reject a physician's opinion of functional limitations where other evidence of the claimant's ability to function, including reported activities of daily living, contradicts that opinion. See Morgan, 169 F.3d at 601-02. Plaintiff reported that she maintained a social life and a boyfriend, traveled to theme parks with her grandparents, went to the beach, and thought that spending time with people "make[s] her feel better." See AR at 59-60, 479, 487, 1189. Substantial evidence supports the ALJ's finding that the marked and severe social limitations to which Dr. Parlatore opined were inconsistent with plaintiff's activities. Furthermore, as noted by the ALJ, Dr. Parlatore reported no substance use when plaintiff was in fact using marijuana daily, at a rate of approximately 20 bags per week. See AR at 25, 932, 1146; see also Andrews, 53 F.3d at 1045 (upholding rejection of examining psychologist's conclusions as being "unreliable" in part because of claimant's "contemporaneous substance abuse" of which that medical source was not fully aware). Therefore, the ALJ provided specific and legitimate reasons supported by substantial evidence for discounting Dr. Parlatore's opinions.

//

//

    4.    State Agency Medical Consultants Thomas Clifford, Ph.D., and Bruce Eather, Ph.D.

Plaintiff argues that the ALJ erred by failing to fully incorporate the opinions of state agency medical consultants Thomas Clifford, Ph.D., and Bruce Eather, Ph.D., into the RFC. See Dkt. 10 at 17-18. Specifically, plaintiff argues that the RFC lacked a limitation to working with only a few co-workers because of her anxiety. See id. However, vocational expert testimony in the record shows that the jobs identified at step five that plaintiff could perform

involve low proximity to co-workers. See AR at 134; see also Dictionary of Occupational Titles No. 323.687-014, Cleaner, Housekeeping, available at 1991 WL 672783. Therefore, plaintiff shows no harmful error. See Ludwig, 681 F.3d at 1054.

### 5. Global Assessment of Functioning ("GAF") Scores

Plaintiff argues that the ALJ erred by giving less deference to plaintiff's Global Assessment of Functioning ("GAF") scores. See Dkt. 10 at 15. The Court finds no harmful error.

"A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." Vargas v. Lambert, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998). It is "relevant evidence" of a claimant's ability to function and therefore "may be a useful measurement." Garrison v. Colvin, 759 F.3d 995, 1002 n. 4 (9th Cir. 2014); England v. Astrue, 490 F.3d 1017, 1023, n.8 (8th Cir. 2007). However, while a GAF score may be "of considerable help" to an ALJ in assessing a claimant's RFC, "it is not essential" to the accuracy thereof. Howard v. Comm'r, Soc. Sec. Admin., 276 F.3d 235, 241 (6th Cir. 2002). Accordingly, an ALJ's failure to reference or specifically account for a GAF score in assessing a claimant's RFC does not by itself make the RFC assessment inaccurate. See id.

Here, the ALJ gave the GAF scores in the record limited weight because they "are not function-by-function assessments and do not define any particular functional limitation or ability." See AR at 26. Plaintiff, while arguing that her consistently low GAF scores show significant impairment, fails to establish any specific way in which the RFC is deficient as a result. See Dkt. 10 at 15. The ALJ included several significant limitations in plaintiff's RFC due to mental health impairments. See AR at 20. Plaintiff points to no evidence that any GAF

score in the record would demand further specific limitations. Therefore, plaintiff has not met her burden of showing harmful error. See Ludwig, 681 F.3d at 1054.

B.   The ALJ's Finding at Step Four

Plaintiff argues that the ALJ erred at step four in finding her capable of performing past relevant work. See Dkt. 10 at 4-6. The Commissioner concedes error at step four but argues that any error is harmless because the ALJ's alternative finding at step five is free of legal error. See Dkt. 11 at 13. As described below, the Court agrees with the Commissioner and finds no harmful error. See infra, VI.C.

C.   The ALJ's Finding at Step Five

Plaintiff argues that the ALJ erred at step five in finding her capable of performing other work available in the national economy. See Dkt. 10 at 6-8. Plaintiff argues that the step-five finding is not supported by substantial evidence because the RFC was deficient due to the ALJ's alleged errors in evaluating the medical evidence. See id. However, as described above, the Court finds no harmful error in the ALJ's evaluation of the medical evidence in the record and therefore finds no error at step five. See supra, VI.A.

VII.   CONCLUSION

For the foregoing reasons, the decision of the Commissioner is AFFIRMED. The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

Dated this 11th day of October, 2016.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 11